IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS ALICEA, III, | No. 4:19-CV-00550 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Defendant. | |

MEMORANDUM OPINION

OCTOBER 5, 2021

*Pro se* petitioner Angel Luis Alicea, III ("Alicea"), who is incarcerated in the State Correctional Institution-Camp Hill ("SCI-Camp Hill"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a criminal conviction and sentence in the York County Court of Common Pleas. The petition is ripe for disposition. For the reasons that follow, the petition will be denied.

I.   BACKGROUND

The state courts of Pennsylvania have succinctly summarized much of the relevant factual background and procedural history.[1] On May 2, 2017, Alicea was convicted of drug delivery resulting in death and possession of narcotics with intent to deliver, and was sentenced to 9-20 years of imprisonment.[2]

---

[1]   *See Commonwealth v. Alicea*, No. 1129 MDA 2017, 2018 WL 3737962, at *1-2 (Pa. Super. Aug. 7, 2018).

[2]   *Id.* at *1.

Alicea's conviction arose from the death of Randy Crone ("Crone").[3] Testimony and evidence elicited during Alicea's jury trial indicated that Crone, who had recently been in treatment for heroin addiction, contacted his friend, Michael Iberl ("Iberl") in the early morning hours of September 17, 2015, so that he and Iberl could purchase and use heroin together.[4] After Crone contacted Iberl, Iberl contacted Alicea to see if he would sell them heroin.[5] Crone and Iberl subsequently met up with Alicea and Alicea sold them $100 worth of heroin.[6]

After purchasing the heroin from Alicea, Crone dropped Iberl off at Iberl's grandparents' house—where Iberl was residing at the time—and went to purchase syringes at a nearby pharmacy.[7] Crone returned to Iberl's grandparents' house about fifteen minutes later, at which point he and Iberl consumed a portion of the heroin that they had purchased from Alicea.[8] Iberl then fell asleep, but he was unsure if Crone also fell asleep.[9]

Later that morning, at approximately 6:00 a.m., Crone dropped Iberl off at his job and took the remainder of the heroin with him.[10] Crone then went to the home of his sister, Samantha Rengifo ("Rengifo").[11] After visiting his sister,

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.* at *2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at *1.

Crone met up with his girlfriend, Briana Clapsaddle ("Clapsaddle").[12] Crone spent the majority of the day with Clapsaddle running errands and attending appointments, and was in Clapsaddle's company from 10:00 a.m. to 7:30 p.m.[13]

Crone left Clapsaddle's residence around that time and returned to his own residence at his aunt and uncle's house around 8:00 p.m.[14] Crone briefly watched television with his uncle and then returned to his room, which was located in a walk-out basement in the house.[15] Crone was not seen alive after this point, though he and Clapsaddle exchanged text messages until sometime between 9:00 p.m. and 9:30 p.m.[16]

Clapsaddle went to Crone's residence the following morning after Crone had failed to respond to a series of text messages and phone calls from that morning and the previous night.[17] Clapsaddle found Crone dead his room.[18] Medical examination indicated that Crone's death was caused by accidental heroin toxicity.[19] Alicea was charged with drug delivery resulting in death and possession

---

[12] Id.
[13] Id.
[14] Id. at *2.
[15] Id.
[16] Id. at *1-2.
[17] Id. at *1.
[18] Id.
[19] Id.

of narcotics with intent to deliver as a result of Crone's death.[20]  He was convicted by a unanimous jury on March 16, 2017 and was sentenced on May 2, 2017.[21]

Alicea filed a post-trial motion to vacate through counsel, arguing that there was insufficient evidence to support his convictions and that the statute under which he was convicted, 18 Pa.C.S. § 2506(a), was unconstitutionally vague and overbroad.[22]  The trial court denied the motion to vacate, and Alicea appealed to the Pennsylvania Superior Court, raising both his sufficiency of evidence argument and his unconstitutionality argument.[23]  The Superior Court affirmed the judgment of sentence on August 7, 2018.[24]  Alicea filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on February 11, 2019.[25]

Alicea filed the instant petition for writ of habeas corpus on March 29, 2019, raising the same sufficiency of evidence and unconstitutionality arguments that were rejected by both the trial court and the Superior Court.[26]  Respondents responded on May 16, 2019, arguing that Alicea's petition should be denied on its merits.[27]  Alicea did not file a reply brief in support of his petition, and the deadline for doing so has expired.  Accordingly, the petition is ripe for the Court's review.

---

[20] *Id.* at *2.
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.* at *4.
[25] *Commonwealth v. Alicea*, 201 A.3d 733 (Pa. 2019).
[26] Doc. 1.
[27] Doc. 9.

In the time since the petition in the present case became ripe, Alicea filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on August 25, 2020.[28]  The PCRA court denied the petition on November 30, 2020.[29]

## II.   DISCUSSION

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which sets standards for the review of habeas corpus petitions brought by state prisoners.  AEDPA states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[30]

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet."[31]  Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute

---

[28]  *See Commonwealth v. Alicea*, CP-67-CR-0001279-2016 (York Cty. filed Mar. 1, 2016).
[29]  *Id.*
[30]  28 U.S.C. § 2254(d).
[31]  *Mays v. Hines*, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

for "ordinary error correction through appeal."[32] "Federal habeas courts must defer to reasonable state-court decisions,"[33] and may only issue a writ of habeas corpus when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement."[34]

Alicea's first two arguments assert that there was insufficient evidence to convict him beyond a reasonable doubt.[35] Habeas corpus relief may be granted if the government has failed to introduce sufficient evidence to convict the petitioner of a charged offense beyond a reasonable doubt.[36] The relevant question in such a case is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[37] The court "must look to state law for 'the substantive elements of the criminal offense,'" but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law."[38]

When a sufficiency of evidence argument has been considered on its merits in state court, the petitioner "faces a high bar in federal habeas proceedings"

---

[32] *Harrington*, 562 U.S. at 102-03 (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)).
[33] *Dunn v. Reeves*, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021).
[34] *Mays*, 141 S. Ct. at 1149 (quoting *Harrington*, 562 U.S. at 102).
[35] Doc. 1 at 5-7.
[36] *Jackson*, 443 U.S. at 317-19.
[37] *Id.* at 319 (emphasis in original).
[38] *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (quoting *Jackson*, 443 U.S. at 324 n.16).

because the court must apply "two layers of deference."[39] The jury's verdict may only be set aside if no rational trier of fact could have agreed with the verdict, and the federal court may only set aside the state court's review of the jury's verdict if the state court's decision to uphold the verdict was objectively unreasonable.[40]

In order for a criminal defendant to be convicted of drug delivery resulting in death, there must be sufficient evidence to prove beyond a reasonable doubt that (1) the defendant intentionally administered, dispensed, delivered, gave, prescribed, sold, or distributed a controlled substance in violation of Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Drug Act, and (2) "another person dies as a result of using the substance."[41]

In Alicea's first sufficiency of evidence argument, he asserts that there was insufficient evidence to establish that he sold heroin to Crone because the record reflected that he sold heroin to Iberl and that he and Crone had no direct contact with one another.[42] In his second argument, he asserts that there was insufficient evidence that the heroin he sold caused Crone's death because the record reflected that Crone did not die immediately after taking the heroin and because there was evidence that Crone had other heroin in his room at the time of his death.[43]

---

[39] *Lambert v. Warden Greene SCI*, 861 F.3d 459, 467 (3d Cir. 2017).
[40] *Id.* (citing *Coleman*, 566 U.S. at 650).
[41] 18 Pa.C.S. § 2506(a); *Commonwealth v. Peck*, 242 A.3d 1274, 1280-81 (Pa. 2020).
[42] Doc. 1.
[43] *Id.*

The Superior Court considered both of Alicea's sufficiency of evidence arguments and rejected them on their merits. The court found it immaterial that Alicea sold heroin to Iberl without having any direct contact with Crone because Section 2506(a) "does not mandate that the Commonwealth prove that the defendant sold a controlled substance to the person whose death results from the sale."[44] The court also rejected Alicea's causation argument, noting that the Commonwealth presented the expert testimony of Dr. Rameen Starling-Roney ("Starling-Roney"), a forensic pathologist who opined that heroin toxicity was the cause of Crone's death and testified that death from heroin toxicity does not necessarily occur immediately and may take minutes or hours.[45]

I find that the Superior Court's decision was reasonable and was not contrary to clearly established federal law. There was clearly sufficient evidence in the record to find that the Commonwealth had proven the elements of the offense beyond a reasonable doubt, as the record reflected that Alicea sold heroin and that Crone died after consuming the heroin that Alicea sold. I agree with the Superior Court's conclusion that a conviction under Section 2506(a) does not require proof that the defendant sold a controlled substance directly to the person who died; it simply requires proof that (1) the defendant sold a controlled

---

[44] *Alicea*, 2018 WL 3737962, at *3 (citing *Commonwealth v. Storey*, 167 A.3d 750, 757-58 (Pa. Super. Ct. 2017).
[45] *Id.* at *4.

substance and (2) another person died as a result of using the substance.[46]  The Commonwealth also introduced sufficient evidence in the form of Dr. Starling-Roney's testimony to establish causation and to establish that Crone's death would not need to occur immediately to be attributed to the heroin that Alicea sold.  Finally, Alicea's argument that there was other heroin in the room at the time Crone died is unavailing, as Crone has not pointed to any evidence in the record that Crone consumed any heroin other than the heroin purchased from Alicea in the hours before his death.  Accordingly, I will reject Alicea's sufficiency of evidence arguments.

Alicea's remaining argument is that Section 2506(a) is unconstitutionally vague because it imposes strict liability for deaths resulting from the sale of drugs thus "negating mens re[a]" and "violating [the] Due Process Clause."[47]  The Superior Court considered and rejected this argument because it raised identical vagueness arguments to those rejected in *Commonwealth v. Kakhankham*, 132 A.3d 986 (Pa. Super. Ct. 2015).[48]  The court determined that *Kakhankham* was binding precedent and accordingly found that Alicea's constitutional challenge was without merit.[49]

---

[46]  *See* 18 Pa.C.S. § 2506; *Storey*, 167 A.3d at 757.
[47]  Doc. 1 at 8.
[48]  *Alicea*, 2018 WL 3737962, at *4.
[49]  *Id.*

In *Kakhankham*, the Superior Court considered a vagueness challenge to Section 2506(a) brought by a criminal defendant who asserted that the law was unconstitutionally vague because it did not specifically require any *mens rea* for the second element of the offense—i.e., that someone dies as a result of using the controlled substance that the defendant sold.[50] The Superior Court rejected this argument and held that the law was not unconstitutionally vague because the second element of the offense was subject to a recklessness *mens rea* in accordance with 18 Pa.C.S. § 302(c).[51]

A statute "is unconstitutionally vague if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute' or 'encourages arbitrary and erratic arrests and convictions.'"[52] "Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand. Such statutes are 'judged on an as-applied basis.'"[53]

I agree with the conclusion of the Superior Court in *Kakhankham* and the present case that Section 2506(a) is not unconstitutionally vague. Section 2506(a)

---

[50] *Kakhankham*, 132 A.2d at 994-96.
[51] *Id.* Under 18 Pa.C.S. § 302(c), "[w[hen the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto."
[52] *United States v. John-Baptiste*, 747 F.3d 186, 200 (3d Cir. 2014) (quoting *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972)).
[53] *Robinson v. Beard*, 762 F.3d 316, 331 (3d Cir. 2014) (quoting *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988)).

does not specifically state a *mens rea* requirement with respect to its second element, but Pennsylvania law makes clear that when a *mens rea* requirement is not specifically stated for an element of a criminal offense, the element can be established if the defendant "acts intentionally, knowingly or recklessly" with respect to the element.  Alicea does not make any additional arguments as to whether the state trial court correctly applied this *mens rea* standard or whether the jury was properly instructed that the second element could be established through proof of recklessness.  I therefore reject Alicea's argument that Section 2506(a) is unconstitutionally vague.

### III.   CONCLUSION

For the foregoing reasons, Alicea's petition for writ of habeas corpus will be denied with prejudice.  A certificate of appealability will not be issued because no reasonable jurist would disagree with my ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further.[54]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[54] *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).